IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03370-BNB

DAVON JOHNSON,

    Plaintiff,

v.

CINEMARK USA, INC.,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Davon Johnson, initiated this action by filing *pro se* a Title VII Complaint. On January 25, 2012, Mr. Johnson filed an amended pleading using the Court's general Complaint form and not the Court's Title VII Complaint form. The court must construe the amended pleading liberally because Mr. Johnson is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Johnson will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the amended pleading and finds that the amended pleading does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to

allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

    Mr. Johnson fails to provide a short and plain statement of the grounds for the court's jurisdiction. In other words, Mr. Johnson fails to identify the statutory authority that allows the court to consider the claims he is asserting in this action against his former employer.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As noted above, Mr. Johnson originally filed a Title VII Complaint asserting jurisdiction

pursuant to Title VII of the Civil Rights Act of 1964. The Court certainly has subject matter jurisdiction over claims alleging violations of Title VII. Therefore, if Mr. Johnson does intend to assert claims pursuant to Title VII, he must use the court-approved Title VII Complaint form. However, it is not clear that Mr. Johnson actually is asserting any claims pursuant to Title VII because he does not allege that he suffered employment discrimination on the basis of his race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1). If Mr. Johnson is not asserting any claim pursuant to Title VII, he must use the court-approved general complaint form and he must indicate on that form the specific statutory authority that allows the court to consider his claims.

Mr. Johnson also fails to provide a short and plain statement of his claims showing that he is entitled to relief. In order to state a claim in federal court, Mr. Johnson "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Johnson's vague allegations regarding a complaint about a manager and retaliation are not sufficient to state a cognizable claim for relief. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

For these reasons, Mr. Johnson will be ordered to file a second amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Johnson must present his claims clearly and concisely in a

manageable format that allows the court and Defendant to know what claims are being asserted and to be able to respond to those claims.  Accordingly, it is

ORDERED that Mr. Johnson file, within thirty (30) days from the date of this order, a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Johnson shall obtain the appropriate court-approved form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Johnson fails within the time allowed to file a second amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge