IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03370-BNB

DAVON JOHNSON,

    Plaintiff,

v.

CINEMARK USA, INC.,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Davon Johnson, initiated this action by filing *pro se* a Title VII Complaint (ECF No. 1).  On January 25, 2012, Mr. Johnson filed an amended complaint (ECF No. 5) using the court-approved general Complaint form.  On January 31, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Johnson to file a second amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  On February 29, 2012, Mr. Johnson filed a second amended complaint using the court-approved Title VII Complaint form (ECF No. 9).

    The Court must construe the second amended complaint liberally because Mr. Johnson is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, the second amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers.  *See id.*  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons discussed

below, the second amended complaint and the action will be dismissed.

The Court has reviewed the second amended complaint and finds that it also fails to comply with the pleading requirements of Rule 8.  As Mr. Johnson was advised, the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Johnson is suing his former employer and he alleges that his termination was

an act of retaliation. As noted above, Mr. Johnson has used the court-approved Title VII Complaint form to file his second amended complaint and he asserts jurisdiction pursuant to Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a)(1); *Khalik v. United Air Lines*, – F.3d –, 2012 WL 364058 at *3 (10th Cir. Feb. 6, 2012). Title VII also prohibits retaliation against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a); *see also Khalik*, 2012 WL 364058 at *4.

Although Mr. Johnson has used the court-approved Title VII Complaint form and asserts jurisdiction pursuant to Title VII, he fails to allege facts that provide a short and plain statement of any claim under Title VII. Mr. Johnson does not allege that the retaliation he allegedly suffered resulted from his opposition to any discrimination prohibited under Title VII. Instead, he alleges the following:

> The facts in this case is G.M. Nathan Crowdes, got the Manager together to lie on me. Working at Cinemark Theater, was a good P.T. Job, and it's not a court that would believe, that I would loose [sic] my job after 7 ½ years and my hourly rate of $9.50 And I [sic] not being around my passion the Cinema! Linda Terry had it out for me for a long time! All the facts are on my side that Retaliation took place at Cinemark by the G.M., and his Management team!

(ECF No. 9 at 7.) Mr. Johnson provides no other facts in support of his retaliation claim in the second amended complaint.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Because Mr. Johnson fails to allege facts that demonstrate he is entitled to relief under Title VII, the Court finds that the second amended complaint fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the complaint, the amended complaint, the second amended complaint, and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  6th  day of   March  , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court